# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**RICHARD LEE JONES,**

      **Plaintiff,**              **CIVIL ACTION NO. 07-cv-14869**

**vs.**

                                      **DISTRICT JUDGE ROBERT H. CLELAND**

**COMMISSIONER OF**            **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** Defendant's Motion to Dismiss (docket no. 12) should be GRANTED and the instant case dismissed.

\*\*\*

Plaintiff filed the instant complaint on November 13, 2007 seeking to "sue Social Security because of discrimination" claiming that his award did not include payment for the time since he first applied. (Docket no. 1). In substance, Plaintiff seeks to appeal the Administrative Law Judge's favorable decision dated August 29, 2007 finding Plaintiff disabled beginning on September 10, 2004 through September 1, 2005. (Docket no. 12). Plaintiff is proceeding in forma pauperis in this matter and his Application for Appointment of Counsel was denied on January 16, 2008. (Docket no. 5, 9). Defendant filed a Motion to Dismiss on February 26, 2008. (Docket no. 12). Plaintiff's Response was due April 15, 2008. (Docket no. 13). Plaintiff did not file a Response.

Defendant moves to dismiss Plaintiff's Complaint alleging that Plaintiff failed to exhaust his administrative appeal remedies and does not have a "final decision" subject to judicial review. Therefore, the Court lacks subject matter jurisdiction. The Court agrees. Defendant shows by

affidavit that Plaintiff filed a request for review with the Appeals Council on October 22, 2007 and as of January 17, 2008, the date of the declaration accompanying Defendant's Motion to Dismiss, the Appeals Council had not issued a decision regarding Plaintiff's request for review[1]. Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the District Court of the United States for the District of Columbia.

"[I]f the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision." *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). If the Appeals Council denies a request for review, the ALJ's decision becomes the final decision of the Commissioner which is subject to judicial review. *See* 20 C.F.R. §§ 404.981, 416.1481; *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). 20 C.F.R. §§ 404.981 and 416.1481 provide that a

---

[1] Defendant filed a Declaration with its Motion to Dismiss, setting forth the procedural history in this matter. (Docket no. 12-2). Plaintiff filed an application for a period of disability, disability insurance benefits and supplemental security income on December 1, 2004 alleging a disability onset date of September 10, 2004. The initial determination found that Plaintiff was not disabled. Plaintiff filed a request for hearing on May 10, 2005 and asked to withdraw the request on September 7, 2005. On September 7, 2005 he also filed a subsequent claim for disability, DIB and SSI. The ALJ dismissed the claim on October 13, 2005. On November 4, 2005 Plaintiff filed a request for review and a request that his case be reopened. The Appeals Council granted review, remanded the case back to the ALJ and directed the ALJ to associate the current file with the claims filed on September 7, 2005. On May 22, 2006 the State agency determined that Plaintiff was disabled as of September 1, 2005 for SSI purposes only. Plaintiff's date last insured for Title II of the Social Security Act was March 31, 2005. (Docket no. 12-2 ¶¶ 3(a)-(c)). The ALJ held a hearing on April 16, 2007 and issued a decision on August 29, 2007 finding Plaintiff disabled beginning on September 10, 2004 (Plaintiff's alleged onset date) through September 1, 2005 (the current established onset date of disability).

claimant "may file an action in a Federal district court within 60 days after the date [claimant] receive[s] notice of the Appeals Council's action."

Defendant has shown that Plaintiff did not have a final decision from which to appeal to the District Court, the Court does not have jurisdiction to review the decision based on Plaintiff's applications, Plaintiff did not file a Response in opposition to Defendant's Motion to Dismiss as required by E.D.Mich. LR 7.1. and Plaintiff has not alleged a basis for the Court to excuse his failure to exhaust his administrative remedies. For these reasons Defendant's Motion to Dismiss should be granted and the instant Complaint dismissed.

**REVIEW OF REPORT AND RECOMMENDATION:**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated July 21, 2008                    s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Leadene Baker and Counsel of Record on this date.

Dated July 21, 2008                    s/ Lisa C. Bartlett
                                       Lisa C. Bartlett
                                       Courtroom Deputy